## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This is a Settlement Agreement and Release ("Release") executed by James Riley, not individually but as Special Litigation Counsel for and on behalf of the Estate of Budget Finance Corporation ("Budget Finance") in favor of Sikich, LLP ("Sikich"), V. Gregory McKnight ("McKnight").

### BACKGROUND

WHEREAS, Sikich and McKnight provided accounting, auditing, and financial services to Budget Finance for over twenty years prior to 2009,

WHEREAS, Sharon, Edward, and Kent Catich loaned and invested money in Budget Finance Corporation from 2000 through 2009,

WHEREAS, Sharon, Edward, and Kent Catich were provided with audited financial statements prepared by Sikich for Budget Finance and claim that they relied on such financial statements to make decisions regarding the making of additional loans to Budget Finance and whether to demand payment on outstanding loans to Budget Finance,

WHEREAS, other creditors of Budget Finance allegedly also relied on such audited financial statements in loaning money to, and investing with Budget Finance,

WHEREAS, Budget Finance filed for bankruptcy in August 2009,

WHEREAS, the Catichs and the Estate of Budget Finance now claim that the accounting, auditing, and financial services provided by Sikich and McKnight allowed Budget Finance to continue operating longer than it otherwise would have been able to,

WHEREAS, the Catichs and the Estate of Budget Finance claim that Budget Finance incurred more debt than it would have if it had not been able to continue operating based on the audited financial statements,

WHEREAS, James Riley, as Special Litigation Counsel, and on behalf of the Estate of Budget Finance Corporation, as well as the Catichs allege that Sikich and McKnight violated the standards of care and the generally accepted principles in their accounting, auditing, and financial work for Budget Finance,

WHEREAS, Sikich and McKnight deny all allegations against them regarding the work performed for Budget Finance,

WHEREAS, in order to avoid the costs, burdens and distractions of litigation, Budget Finance and the Catichs, having conferred with counsel of their choice, now desire and, through the execution of this Agreement intend, to dispose of and resolve fully and completely any and all disputes, claims, issues, and differences they had in the past or currently have with Sikich and McKnight that were alleged in the Lawsuit (as defined below); and

WHEREAS, the parties have agreed to settle: (1) all claims stated by Budget Finance against Sikich and McKnight, arising out of any and all professional services provided by Sikich and McKnight to Budget Finance, any and all financial products issued by Sikich and McKnight, or for any act, error, omission or claimed lack of due diligence of Sikich and McKnight arising prior to the date of this Release that were alleged in the Lawsuit; (2) all claims that could have been stated by any of Budget Finance's creditors (including the Catiches) against Sikich and McKnight arising out of any and all professional services provided by Sikich and McKnight to Budget Finance, any and all financial products issued by Sikich and McKnight, or for any act, error, omission or claimed lack of due diligence of Sikich and McKnight arising prior to the date of this Release that were alleged in the Lawsuit and (3) any potential claim that could be reasonably seen to arise out of any and all professional services provided by Sikich and

McKnight to Budget Finance at any time, amicably and without further litigation, on the terms set forth below.

## TERMS:

1. **PARTIES**. The parties (collectively referred to as "the Parties") to this Settlement and Mutual Release Agreement ("Agreement") are James Riley, not individually but as Special Litigation Counsel for and on behalf of the Estate of Budget Finance Corporation ("Budget Finance") and Sikich, LLP ("Sikich"), V. Gregory McKnight ("McKnight").

2. **THE DISPUTE**. The Parties are involved in litigation ("Lawsuit") involving the accounting, auditing, and financial work performed by Sikich and McKnight for Budget Finance Corporation from 2007 through 2009. The Lawsuit is currently pending in the United States District Court for the Northern District of Illinois captioned, *James Riley, not individually but soley in his capacity as Special Litigation Counsel, on behalf of the Estate of Budget Finance Corporation v. Sikich, LLP and V. Gregory McKnight*, Case No. 1:11-cv-06976. The Lawsuit alleges that Sikich and McKnight violated generally accepted accounting principles in performing audit, accounting, and financial work for Budget Finance in 2007 and 2008. Sikich and McKnight denied all material allegations.

3. **INTENT TO RESOLVE THE DISPUTE**. It is the intention of the Parties to settle and dispose of the Lawsuit and all claims and cross-claims that have been made or could be made in connection to the Lawsuit or relating in any way to Sikich and McKnights auditing, accounting, and financial work for Budget Finance prior to 2009.

4. **NEGOTIATED SETTLEMENT WITH LEGAL REPRESENTATION**. This is a negotiated settlement of disputed claims. The Parties are represented by legal counsel as follows:

(a) <u>For James Riley, not individually but solely in his capacity as Special Litigation Counsel, on behalf of the Estate of Budget Finance Corporation</u>:

>Bryan J. O'Connor
>Eileen M. O'Connor
>O'Connor Law Group, LLC
>221 N. LaSalle Street, Suite 1050
>Chicago, IL 60601

(b) <u>For Sikich, LLP and V. Gregory McKnight</u>:

>Wilson, Elser, Moskowitz, Edelman & Dicker LLP
>Kimberly E. Blair, Esq.
>kimberly.blair@wilsonelser.com
>Geoffrey A. Belzer, Esq.
>55 W. Monroe St., Suite 3800
>Chicago, Illinois 60603
>Telephone 312-704-0550

5. **CONSIDERATION.** In consideration of the terms, covenants, and conditions contained in this Agreement, and for other good and valuable consideration, the Parties agree and release as follows:

5.1 **Payment.** Sikich and McKnight shall pay the law firm of O'Connor Law Firm, LLC $165,000.00 by check payable to "James Riley, not individually but as Special Litigation Counsel for and on behalf of the Estate of Budget Finance Corporation and O'Connor Law Group, LLC" no later than twenty-one (21) days from the date of the full execution of this Agreement. The Settlement Payment represents full settlement of the Lawsuit and any and all claims, or potential claims, of any party to this Release against any other party, including specifically any claim that could be stated by any of Budget Finance's creditors against Sikich and McKnight.

5.2 **Releases.**

      5.2.1 **Releases by the Estate of Budget Finance Corporation.** Except as to such rights or claims as may be created by this Agreement, Budget Finance Corporation and its current and former officers, directors, owners, employees, agents, creditors, attorneys, investors, shareholders, and successors-in-interest, hereby release Sikich and McKnight and all of their current and former officers, directors, owners, employees, agents, and successors-in-interest of any and all that have been made or could be made in relation to the Lawsuit.

      5.2.2 **Releases by the Catichs.** This Agreement is expressly contingent and dependant on Sharon Catich, Kent Catich, and Edward Catich executing the separate release agreement attached hereto as **Exhibit A**, which is expressly referenced and incorporated into this Agreement as if fully set forth herein.

    5.3    **Dismissal.** Within fourteen days (14) of receipt of this executed agreement, Riley and Budget Finance shall dismiss their Lawsuit in its entirety with prejudice, and without recovery of costs or attorneys' fees.

6.    **REPRESENTATIONS AND WARRANTIES.** Each of the Parties to this Agreement represents, warrants, and agrees as follows:

    6.1    **Legal Advice.** The Parties have each received independent legal advice from its attorneys regarding this Agreement.

    6.2    **No Reliance Upon Other Statements.** In entering into this Agreement, the Parties do not rely upon any statement, representation, or promise other than those specifically stated in writing in this Agreement.

    6.3    **Investigation.** The Parties have made such investigation of the facts pertaining to the dispute between them, this settlement, and this Agreement as each Party deems necessary.

    6.4    **Agreement Read And Understood.** The Parties or their responsible agents have read this Agreement and understand its contents.

6.5 **Sufficient Authority To Execute.** Each person executing this Agreement on behalf of an entity represents and warrants that he/she is duly authorized to execute this Agreement on behalf of such entity.

6.6 **No Assignment.** The Parties have not assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or causes-of-action disposed of by this Agreement.

7. **COOPERATION.** The Parties agree to cooperate and undertake any effort, including the execution of any additional documents, which are reasonably necessary to achieve the goals and purposes of this Agreement.

8. **NO ADMISSION OF LIABILITY.** This Agreement affects the settlement of claims that are disputed. Nothing contained in this Agreement shall be construed as an admission of liability of any kind.

9. **INTEGRATION.** This Agreement, including Exhibit A, is the entire Agreement between the Parties concerning settlement of the Dispute. This Agreement supersedes all prior and all contemporaneous oral and written agreements and discussions.

10. **MODIFICATION.** This Agreement may not be modified, supplemented, amended, terminated, or superseded except by an agreement in writing signed by the Parties.

11. **CONSTRUCTION.** This Agreement is the product of the joint drafting efforts of the Parties, with the assistance of their counsel. This Agreement shall not be presumptively construed either in favor of or against any Party on the grounds that such Party drafted the Agreement or any part of the Agreement. All signatories to this Agreement assert voluntarily that the intent of this agreement is to resolve any and all claims that have been stated or could be stated by any of them against one another in regards to any act, omission or representation by Sikich and/or McKnight relating in any way to Budget Finance, and as such, any attempt to construe this Agreement should be undertaken in light of that expressed intent.

12. **CONFIDENTIALITY**. The Parties acknowledge and agree that the terms of this Agreement are confidential and that neither they nor anyone acting by, through, under, or in concert with any Party, will, without the other Parties' written consent, disclose the terms of this settlement or its existence, to anyone else, unless required to do so by law, rule or regulation. However, all parties have the right to disclose the terms and conditions of this Agreement to its officers, directors, employees, attorneys, auditors, financial advisors, accountants, insurers and shareholders, as well as to any regulators that request such disclosure. Nothing herein shall prevent any Party from disclosing the terms or existence of this Agreement in any dispute with the other Party. In the event that any Party breaches this paragraph, the Party so causing the breach shall pay, in addition to actual damages, the attorneys' fees and costs of the other Party. It is not a breach of this Agreement to state that the Dispute was resolved by a confidential settlement.

13. **SEVERABILITY**. If any provision or any part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable, or contrary to public policy or any law, then the remainder of this Agreement shall not be affected and shall remain in full force and effect.

14. **APPLICATION OF THE AGREEMENT**. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective agents, employees, representatives, officers, directors, divisions, parents, subsidiaries, affiliates, assigns, heirs, beneficiaries, successors in interest, predecessors in interest, and shareholders. No person other than these shall have any legally enforceable rights under this Agreement.

15. **ILLINOIS LAW GOVERNS**. This Agreement shall be deemed to have been executed and entered into in Chicago, Illinois. The rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the laws of the State of Illinois.

16. **VENUE**. Any lawsuit arising from this Agreement shall be brought in Cook County in the State of Illinois.

17. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement which shall be binding upon and effective as to all Parties. Signatures reproduced and/or transmitted by facsimile, email, photocopy, or other electronic means shall be deemed original signatures for all purposes. Each counterpart shall be deemed an original, and all of which taken together shall constitute one and the same document.

18. **EFFECTIVE DATE**. This Agreement is effective as of the date it is fully executed.

Estate of BUDGET FINANCE CORPORATION

Dated: April ___, 2013

By: _____

Its: _____

Dated: ~~April __, 2013~~

May 8, 2013

JAMES RILEY, solely in his capacity as Special Litigation Counsel, on behalf of the Estate of BUDGET FINANCE CORPORATION

By: *James A Riley*

Its: *Special Litigation Counsel*

SIKICH, LLP

Dated: April ___, 2013

By: _____

Its: _____

V. GREGORY MCKNIGHT

Dated: April ___, 2013

-8-

17. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement which shall be binding upon and effective as to all Parties. Signatures reproduced and/or transmitted by facsimile, email, photocopy, or other electronic means shall be deemed original signatures for all purposes. Each counterpart shall be deemed an original, and all of which taken together shall constitute one and the same document.

18. **EFFECTIVE DATE.** This Agreement is effective as of the date it is fully executed.

Estate of BUDGET FINANCE CORPORATION

Dated: May ___, 2013

By: _____

Its: _____

Dated: May ___, 2013

JAMES RILEY, solely in his capacity as Special Litigation Counsel, on behalf of the Estate of BUDGET FINANCE CORPORATION

By: _____

Its: _____

SIKICH, LLP

Dated: May 23, 2013

By: _/s/ illegible_____

Its: _MANAGING PARTNER_

V. GREGORY MCKNIGHT

Dated: May 16, 2013

-8-

1523970.1

By: _[signature]_